IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA FERRARACCIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:14-177 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| GUARDIAN HOME AND ) | |
| COMMUNITY SERVICES, Inc., a ) | |
| subsidiary of GUARDIAN ELDER CARE ) | |
| HOLDINGS, Inc.; GUARDIAN LITC ) | |
| MANAGEMENT, INC., a Pennsylvania ) | |
| corporation d/b/a/ GUARDIAN ELDER ) | |
| CARE; AND GUARDIAN ELDER CARE, ) | |
| INC., a Pennsylvania Corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court is Plaintiff's motion to strike portions of Defendants' answer. (ECF No. 12). The issue this Court must decide is whether to grant Plaintiff's motion to strike portions of Defendants' answer when Defendants responded "denied as stated" to paragraphs 34, 39, 59, 62, 63, 66, 74, 76, 92, 94, 95-98, and 114 of the complaint. Having reviewed the parties' briefs, the applicable Rules of Civil Procedure, and relevant case law, this Court will deny Plaintiff's motion to strike, because Defendants' response, "denied as stated," is sufficiently specific so that Plaintiff will have adequate notice of the claims that are at issue so that she can prepare her case.

## II. Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claims made under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Section 504 of the Rehabilitation Act, and the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law clams made under the Pennsylvania Human Relations Act. Venue is proper under 28 U.S.C. § 1391(b).

## III. Background

Plaintiff Linda Ferraraccio brought suit against Guardian Home and Community Services, Guardian LTC Management, Inc., and Guardian Elder Care, Inc. (collectively "Defendants") pursuant to the Americans with Disabilities Act, the Age Discrimination in Employment Act, Section 504 of the Rehabilitation Act, and the Pennsylvania Human Relations Act. (ECF No. 1). In her complaint, Plaintiff alleges facts relating to her rate of compensation, treatment required by Defendants, and conversations with Defendants' employees. (*Id.* at ¶ 34, 39, 59, 62, 63, 66, 74, 76, 92, 94, 95-98, and 114). Specifically, Plaintiff alleges:

> 34. In 2011, Plaintiff received a significant raise, from $20 per hour to $22.95 per hour.
>
> \* \* \*
>
> 39. Both Plaintiff's supervisor at [Defendant], Catherine Grove "Grove", and Defendants' worker's compensation program required Plaintiff to receive treatment at [DuBois Regional medical Center].
>
> \* \* \*
>
> 59. On or about February 2, 2012, when Plaintiff's husband saw [Peter] Varischetti [a shareholder, director, and office of Defendant],

2

Varischetti told Plaintiff's husband that Plaintiff should have the surgery and should not worry about her job because it would be there when she returned.

\* \* \*

62. Thereafter, at a staff meeting, Plaintiff's condition was again discussed and Catherine Grove announced that she could no longer speak to Plaintiff because Plaintiff had hired a worker's compensation attorney.

63. Plaintiff and her husband ran into Peter Varischetti on April 8, 2012 who again told Plaintiff that her job was waiting for her.

\* \* \*

66. Thereafter, and unknown to Plaintiff at that time, Grove contacted [her doctor's office] and told him she could give Plaintiff sedentary work if [her doctor] provided a sedentary work order.

\* \* \*

74. Grove told Plaintiff that she had not called her because Plaintiff could not drive, and no sedentary job was available.

\* \* \*

76. Grove also told Plaintiff she could not speak to her because Plaintiff had a lawyer.

\* \* \*

92. On or around May 24, 2012, Grove again refused to speak to Plaintiff by telephone because Plaintiff had hired a worker's compensation lawyer.

\* \* \*

94. On or around May 31, 2012, once again, Varischetti and Plaintiff's husband met at a social setting, and again Varischetti told Plaintiff's husband that Plaintiff's job was still available, and that the letter that Plaintiff received saying Plaintiff was eligible for COBRA based on her termination was just a formality and that Plaintiff was not terminated.

95. Varischetti told Plaintiff's husband that a $200,000 reserve had been set aside in Plaintiff's workers' compensation case.

3

96. Varischetti also told Plaintiff's husband that she could call Mike Long, Brian Rendos, the Chief Financial Officer of Guardian Elder Care, Eddy J. Inzana, President and Chief Executive Officer of Guardian Elder Care, and Catherine Grove.

97. Thereafter, Plaintiff again tried unsuccessfully to speak with Grove, who again told Plaintiff that she could not speak to her because Plaintiff had a worker's compensation attorney.

98. At Varischetti's suggestion, Plaintiff called Long, Rendo[s] and Inzano but received no response.

\* \* \*

114. Because of the close personal relationship between Plaintiff, Plaintiff's husband and Peter Varischetti, Defendants were aware that Plaintiff was one of the oldest employees, that her medical bills were high, and that her husband who was insured through health insurance coverage with Defendants by virtue of Plaintiff's employment, had a serious and costly medical condition.

In their answer to Plaintiff's complaint, Defendants' responded "denied as stated" to each of these allegations. (ECF No. 10). Plaintiff subsequently filed a motion to strike Defendants' answer to paragraphs 34, 39, 59, 62, 63, 66, 74, 76, 92, 94, 95-98, and 114 of the complaint (hereinafter "relevant paragraphs") pursuant to Federal Rule of Civil Procedure 12(f)(2). (ECF No. 12).

Plaintiff argues that Defendants' response, "denied as stated," to the relevant paragraphs in the complaint does not comply with Rule 8(b). (ECF No. 13 at 1-2). Plaintiff argues that the response is ambiguous and impermissible under the Federal Rules of Civil Procedure. (*Id.* at 2). Plaintiff reasons that she does not know what is being denied or admitted in the relevant paragraphs because they are not fully denied, and, in order to learn the facts behind Defendants' responses, she would have to use fifteen of the twenty-five interrogatories allotted. (*Id.* at 2-3). In support of her argument, Plaintiff cites

*Lipton v. Ralston Purina Co.*, 670 F.2d 1024, 1030 (C.C.P.A. 1982), stating that ". . . denials must not be evasive. An answer which attempts to evade the pleading requirements of Rule 8 by the tactic of an equivocal admission or denial is an admission." (*Id.* at 3). As such, Plaintiff requests this Court to strike Defendants' answer to the paragraphs at issue in the complaint pursuant to Rule 12(f)(2), and require Defendants to file an amended answer consistent with Rule 8(b). (*Id.*). In the alternative, Plaintiff asks that the Court treat the responses as admitted. (*Id.*).

Defendants argue that Plaintiff's motion to strike must be denied because Defendants' responses have adequately denied the allegations in the relevant paragraphs of the complaint in their entirety. (ECF No. 15 at 1). Defendants argue that:

> Based on Plaintiff's mischaracterizations of those conversations and her inability to accurately recall unplanned and fleeting interactions with Catherine Grove and Peter Varischetti, over two years ago, Defendants appropriately responded to those averments with "denied as stated;" an answer which noted the deficiencies in Plaintiff's pleading, acknowledged their inaccuracy, and denied those averments in their entirety.

(*Id.*). Further, Defendants argue that the relevant paragraphs of the complaint were insufficiently pled under Rule 8, because they are unclear and argumentative. (*Id.* at 3). Therefore, Defendants were "forced to differentiate their answer to those paragraphs as Plaintiff focused on capturing the tone and tenor," of the conversations, "rather than their substance." (*Id.*). Finally, Defendants argue that Plaintiff can follow up on any issues through discovery, and that in discovery Plaintiff is not limited to the use of interrogatories, but can also use "an unlimited [number of] request[s] for production of documents." (*Id.* at 3-4).

5

## IV. Standard of Review

Plaintiff has moved to strike portions of Defendants' answer pursuant to Rule 12(f)(2). (ECF No. 12). Under Rule 12(f)(2), on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading, this Court may strike an insufficient defense from a pleading. Fed. R. Civ. P. 12(f). "The function of Rule 12(f) is to expedite the administration of justice, and pursuant thereto a court will delete allegations that are not responsive, but an entire defense should not be eliminated unless it grossly violates the requirements of Rule 8 relating to the general rules of pleading." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, n.30 (3d ed. 2004) (citing *American Mach. & Metals, Inc. v. De Bothezat Impeller Co.*, 8 F.R.D. 306 (D.C. N.Y.1948). The standard to strike under Rule 12(f) is strict. *In re Cantanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984). "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d. 529, 534 (E.D. Pa. 2013) (internal citations omitted).

## V. Discussion

The issue raised by the parties—whether the response "denied as stated" is sufficient to satisfy the pleading requirements of Rule 8(b) and survive a plaintiff's Rule 12(f)(2) motion to strike—is a matter of first impression for this Court. Rule 8(b) governs the general rules of pleading for admissions and denials. Fed. R. Civ. P. 8(b). In general,

6

Rule 8(b) requires that, in response to a pleading, a party must "state in short and plain terms its defense to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B). A denial of an allegation made by the opposing party must fairly respond to the substance of the allegation. Fed. R. Civ. P. 8(b)(2). In addition, a party that "intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4).

Rule 8(b) is intended to inform the pleader how to challenge and place in issue the allegations in the previous pleading. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1380 (3d ed. 2004). Together, Rule 8(b) and 8(d) require that a defendant's responsive pleading make the plaintiff aware of the "allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *Id.* As with complaints, "plain notice" of the issues raised by the defendants is all that is required under the federal rules. *Id.* If an answer is not sufficiently definite to give the plaintiff reasonable notice of the allegations that are to be at issue, the answers may be treated as admitted. *Id.*

In this case, Defendants' response, "denied as stated," satisfies the requirements of Rule 8 because the responses put Plaintiff on notice that the allegations in the relevant paragraphs of the complaint are contested. Defendants' denial effectively alerts Plaintiff that the allegations in the relevant paragraphs are denied and that Plaintiff will be required to provide evidence as to those claims. In addition, the fact that Defendants

7

responded "denied," rather than "denied as stated," to other allegations in the complaint is of no consequence. For, the particular language or form of the specific denial is not important as long as it is clear which allegations are being negated and which are not. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1266 (3d ed. 2004).

This issue was briefly considered by the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. *See In re Supermarkets of Cheltenham*, 1999 WL 260956, *6 n. 16 (Bankr. E.D. Pa. 1999). In *Cheltenham*, the Bankruptcy Trustee, similar to Plaintiff in the present case, argued that the defendant's answer of "denied as stated" did not sufficiently deny the allegations and that the answers therefore effectively "admitted the substance of the allegations." *Id*. The bankruptcy court disagreed and noted that, unlike in Pennsylvania state court practice, general denials, such as "denied as stated," are permitted in federal pleading practice. *Id*.

Plaintiff also argues that if the relevant paragraphs of the answer are not stricken, then she will be required to use at least fifteen of her twenty five interrogatories to obtain "information that should have been provided by Defendants' responses." (ECF No. 13). However, despite Plaintiff's argument that she is prejudiced by the Defendants' responses to the relevant paragraphs, Plaintiff will nonetheless be able to acquire additional information in discovery. Further, Plaintiff is not limited to the use of interrogatories. Plaintiff can depose Defendants' employees about the relevant conversations and submit requests for production of documents. In addition, Plaintiff can submit requests for admission regarding the relevant conservations, to which Defendants must provide

8

specific answers. *See Guinan v. A.I. duPont Hosp. for Children*, 2008 WL 938874, *2 (E.D. Pa. 2008). Therefore, Plaintiff has not demonstrated prejudice as a result of Defendants' responses of "denied as stated" to the relevant paragraphs of the complaint.

## VI. Conclusion

For the foregoing reasons, this Court will deny Plaintiff's motion to strike Defendants' answer to paragraphs 34, 39, 59, 62, 63, 66, 74, 76, 92, 94, 95-98, and 114 of the complaint, because the answer "denied as stated" sufficiently alerts Plaintiff that the issues will be contested and Plaintiff has not demonstrated prejudice. Defendants' responses of "denied as stated" will be treated as denials.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA FERRARACCIO,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN HOME AND COMMUNITY SERVICES, Inc., a subsidiary of GUARDIAN ELDER CARE HOLDINGS, Inc.; GUARDIAN LITC MANAGEMENT, INC., a Pennsylvania corporation d/b/a/ GUARDIAN ELDER CARE; AND GUARDIAN ELDER CARE, INC., a Pennsylvania Corporation,<br><br>Defendants. | CIVIL ACTION NO. 3:14-177<br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 6th day of February 2015, upon consideration of Plaintiff Linda Ferraraccio's motion to strike portions of Defendants' answer (ECF No. 12), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED** that Plaintiff Linda Ferraraccio's motion to strike portions of Defendants' answer is **DENIED**.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE